IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 20, 2008

## THOMAS EARL BRADSHAW v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2004-B-1763     J. Randall Wyatt, Jr., Judge**

---

**No. M2007-02725-CCA-R3-PC - Filed October 6, 2008**

---

The petitioner, Thomas Earl Bradshaw, appeals from the denial of his petition for post-conviction relief, wherein he challenged his 2005 Davidson County Criminal Court conviction of especially aggravated robbery. In this appeal, the petitioner contends that his guilty plea was not knowingly and voluntarily entered because it was the result of the ineffective assistance of his trial counsel. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

David Hopkins, Nashville, Tennessee, for the appellant, Thomas Earl Bradshaw.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Lisa Naylor, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 24, 2005, the petitioner, originally charged with one count of robbery, four counts of burglary, one count of especially aggravated robbery, three counts of aggravated robbery, one count of attempted aggravated robbery, and one count of aggravated assault, entered pleas of guilty to one count of especially aggravated robbery and one count of aggravated burglary. A plea agreement between the parties provided for an effective sentence of 36 years, 30 years of which must be served at 100 percent, *see* T.C.A. § 40-35-501(i)(2)(E) (2003) (setting a 100 percent release eligibility for offense of especially aggravated robbery), and dismissal of the remaining nine charges against the petitioner.

The facts, as summarized by this court on direct appeal from the denial of the petitioner's motion to withdraw his guilty pleas, established that the petitioner had been linked to

a series of robberies in the Nashville area which began on April 22, 2004, with the robbery of 72-year-old Nell Vogel, and included the robberies of four other victims, the youngest of whom was 70 years old. *See State v. Thomas Earl Bradshaw*, No. M2005-01232-CCA-R3-CD, slip op. at 2-4 (Tenn. Crim. App., Nashville, Mar. 24, 2006). The convictions relate specifically to the especially aggravated robbery and burglary of 88-year-old Vernice Carpenter. During that offense, the petitioner entered the victim's home without her permission, threatened her with a knife, and dragged her from room to room looking for money and other valuables and "causing some severe injuries to her arm." *Id.*, slip op. at 3. In all, the petitioner took $59, some of which was the victim's church offering, a bank envelope, and an Avon receipt. *Id.*

On February 16, 2005, the petitioner filed a motion to withdraw his guilty pleas, arguing that the pleas were not knowingly and voluntarily entered. *Id.*, slip op. at 5. The trial court denied the motion, concluding that the petitioner's "plea was voluntary" because the petitioner "failed to establish that he was in any way coerced, intimidated, pressured, misled or fraudulently induced into entering a plea of guilty." *Id.*, slip op. at 7. The court also concluded that the petitioner's "feelings of pressure and anxiety fall squarely on his shoulders, and were not the product of any misconduct of his attorney." *Id.*, slip op. at 7-8. This court agreed with the conclusions of the trial court, ruling that the petitioner "did not meet his burden of proving that the plea was not knowingly, understandingly, or voluntarily entered." *Id.*, slip op. at 9.

On June 27, 2005, the petitioner filed a petition for post-conviction relief alleging that he had been denied the effective assistance of counsel, that his guilty plea was involuntary, that his conviction was based upon the use of a coerced confession, and that his conviction resulted from the State's failure to disclose favorable evidence. On December 19, 2006, the petitioner's appointed counsel filed an amended petition for post-conviction relief, alleging that the petitioner's guilty pleas were not voluntarily and knowingly entered because they were the product of the ineffective assistance provided by his trial counsel. After the post-conviction court denied the State's motion to dismiss the petition on grounds that the issue of the voluntariness of the petitioner's plea had been previously determined, an evidentiary hearing was held on November 7, 2007.

In the hearing, the petitioner testified that on the day he entered his pleas, he believed that his case was scheduled for a status hearing and that he did not realize that the trial would begin that day. He claimed that he was unaware of the details of the plea agreement until the trial court informed him of "what it would be carrying." The petitioner complained that his trial counsel failed to inform him that he could pursue an appeal of the trial court's denial of his pretrial motion to sever the eleven offenses contained in the indictment.

The petitioner testified that prior to the entry of the guilty pleas, trial counsel had not reviewed with him the discovery material provided by the State and had not apprised him of the evidence the State intended to offer at trial. The petitioner stated that he reviewed the discovery materials after pleading guilty and, upon this review, developed the opinion that the State could not prove that Ms. Carpenter had suffered serious bodily injury during the robbery. The petitioner claimed that his trial counsel had failed to explain the elements of especially aggravated robbery and

that this failure resulted in the petitioner's pleading guilty "to something that [he] shouldn't a' never had pleaded guilty." The petitioner explained that "a guy" who went with him to the prison library explained the difference between aggravated robbery and especially aggravated robbery. The petitioner stated that he would not have pleaded guilty if he had been given this information because "it would have made all the difference in the world."

During cross-examination, the petitioner acknowledged that he had been convicted of four felonies before incurring the charges in this case and conceded that his trial counsel had informed him that if he were convicted of any of the charges in the indictment, he would be sentenced within Range II. The petitioner insisted that although his potential sentence exposure exceeded 100 years, his lack of understanding of the elements of especially aggravated robbery rather than the desire for a lesser sentence caused him to plead guilty. The petitioner stated that, despite his research, he was unaware that pain and disfigurement could be considered serious bodily injury.

Trial counsel testified that he was appointed to represent the petitioner after his case had already been set for trial by the petitioner's previous attorney. Counsel stated that during his first meeting with the petitioner, he ascertained that the petitioner's defense was one of mistaken identity. Despite claiming that he was not the perpetrator of the crimes alleged in the indictment, the petitioner offered trial counsel no witness or other proof "that would contradict the fact that he was found near the scene with some of the evidence on him" and that his fingerprints were found "inside the homes of some of the victims."

Counsel stated that he apprised the petitioner of the potential sentence exposure, recalling that it "may have been a hundred and forty-eight years, if he was convicted." Counsel testified that he "felt like the evidence was very strong in all of the counts." He recalled that he interviewed each of the victims and concluded that "not only did . . . they ha[ve] a lot of credibility, but because of their age . . . they would have had a lot of sympathy."

Counsel testified that it was his opinion that the issue of whether the victim had suffered serious bodily injury "was definitely a jury question." He elaborated,

> The open wound on her wrist was especially troubling in that it had peeled the skin back and . . . due to the length of it, which . . . was at least three inches long, that anyone could have inferred that that was a very painful injury, in addition to the ringing, or what appeared to be ringing of the arm, just above the wrist, that she suffered.

According to counsel, the injury occurred as the defendant dragged the victim from room to room "looking for more stuff."

During cross-examination, trial counsel testified that he met with the petitioner "at least five if not four times" to discuss "the specifics of the case." Counsel recalled that his predecessor had filed an unsuccessful motion to sever the offenses but could not recall whether he

had discussed with the petitioner the right to pursue an appeal of the denial of that motion. Counsel stated that although the petitioner had initially insisted upon going to trial, he changed his mind upon seeing the victims in the courtroom, prepared to testify against him. Counsel explained, "I don't believe [the petitioner] believed that all of the victims would show up in court." Counsel stated that he did not provide the petitioner with a copy of the discovery materials because predecessor counsel had done so. He recalled that he did discuss the contents of the discovery packet with the petitioner "so that [he] could be sure that [the petitioner] had everything."

In an order detailing its findings of fact and conclusions of law, the post-conviction court denied relief, ruling that trial counsel "represented the Petitioner in a competent and thorough manner" and that there was not "sufficient evidence to support the Petitioner's claims of ineffective assistance of counsel." The post-conviction court accredited the testimony of trial counsel that the disposition provided by the plea agreement "was significantly more favorable to the Petitioner than proceeding to trial and receiving numerous felony convictions on the counts" dismissed by the agreement. The court concluded that counsel "adequately researched the issue of serious bodily injury regarding Ms. Carpenter." The post-conviction court found that the petitioner presented "no substantive proof" to support his claim that trial counsel "failed to discover that the identifications made by Ms. Carpenter of the Petitioner were inconsistent."

The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

The petitioner contends that his trial counsel was ineffective and, as a result, his guilty plea was not knowingly and voluntarily entered. Specifically, he contends that his counsel failed to adequately investigate the case and, had he done so, he "would have known prior to his guilty plea that some of the witnesses[] gave conflicting statements to the police regarding the identification of the [petitioner] . . . and that there was no evidence of any serious bodily injury to support the charge of especially aggravated robbery."

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693 (1984). The error must be so serious as to render an unreliable result. *Id.* at 687. It is not necessary, however, that absent the deficiency, the trial would have resulted in an acquittal. *Id.* at 695. Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

*Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields v. State*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In this case, the petitioner, faced with eleven felony counts and a possible Range II sentence exceeding 100 years, entered pleas of guilty to especially aggravated robbery and aggravated burglary in exchange for a 36-year sentence. Although the petitioner claims on appeal that trial counsel failed to inform him that "there was no evidence of any serious bodily injury" to support the especially aggravated robbery conviction, photographs admitted during the evidentiary hearing establish that the victim suffered a serious laceration to her wrist along with bruises to her face and arms. The photographs support the testimony of trial counsel, which was accredited by the post-conviction court, that the issue of whether the victim suffered serious bodily injury was "a jury question." Moreover, the accredited testimony of trial counsel establishes that the petitioner was informed of the elements of especially aggravated robbery and that counsel specifically discussed with the petitioner the fact that proof of the serious bodily injury element was not strong. Finally, although the petitioner claims that his counsel failed to discover and apprise him of the fact that the victim had given contradictory statements of identification, he presented no proof to support this claim at the evidentiary hearing. Under these circumstances, the petitioner has failed to establish that trial counsel performed deficiently by recommending that he accept a plea agreement providing for a significantly lower sentence than that he would have faced if convicted of all eleven counts pending against him.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE